MAINE SUPREME JUDICIAL COURT                          Reporter of Decisions
Decision:        2026 ME 42
Docket:          SJC-26-4
Decided:         May 4, 2026

Panel:           STANFILL, C.J., and MEAD, CONNORS, LAWRENCE, DOUGLAS, LIPEZ, and TAUB, JJ.

## IN RE BALLOT CHALLENGE IN ELECTION OF TOWN OF CLIFTON SELECT BOARD MEMBER

JUDGMENT OF THE COURT

[¶1]  Pursuant to 21-A M.R.S. § 696(1) (2026), the Town of Clifton has submitted a petition forwarding, along with related materials, an affidavit from Gregory Newell challenging two absentee ballots cast in an election for a one-year position on the Town's Select Board.  Because the ballots could affect the election result, we have original jurisdiction to determine their validity and sit as the trial court.  *See id.*; *In re Ballot Dispute in Election of Town of Winslow Dist. 3 Town Councilor*, 2018 ME 2, ¶ 2, 176 A.3d 1290.  We dismiss the petition because the affidavit does not contain sufficient information that, if true, could invalidate a ballot.

## I.  BACKGROUND

[¶2]  The Town's petition recites the following facts.  On March 24, 2026, the Town held a municipal election for, among other things, the Select Board position at issue here.  The candidates for the position were Steve Armenia and

Cynthia Grant. Before the polls closed, the Town Clerk and Election Warden (one person holds both positions) received and accepted absentee ballots from two named voters. As a result of a clerical error, the Town did not count those absentee ballots in determining the results of the election that night. The Town announced and certified the results as 114 votes for Grant and 113 votes for Armenia.

[¶3] The Clerk/Warden discovered the clerical error the morning after the results were announced. On March 27, 2026, the Town resumed counting ballots to include the two absentee ballots. Newell, a member of the public who was present, stated that he wished to challenge the ballots, and he completed an affidavit challenging both ballots. *See* 21-A M.R.S. § 673 (2026). Acting pursuant to 21-A M.R.S. § 696(1), which applies if the validity of a challenged ballot may affect the election result, the Town submitted to the Executive Clerk of the Supreme Judicial Court materials that included Newell's affidavit, a "challenge certificate," and the absentee ballots sealed in their original envelopes. *Id.*; 21-A M.R.S. § 673(1), (3).

[¶4] Newell's affidavit is a handwritten document that, after listing the names of the two voters challenged, reads as follows with respect to the nature of the challenge:

     Reason of the challenge of the eligibility to cast this vote
(1) Did not properly apply for an absentee ballot
(2) Additional information why this shouldn't be cast
   753-B-2 Restriction on issuing ballot
   2E To any candidate, except for the candidate's own ballot
\*  753-B 1 Subsection 7

No additional information is given as to the factual basis of the challenge. Newell signed the affidavit, and a notary public signed it below his signature. There is no jurat.

## II. DISCUSSION

[¶5] "A voter of a municipality or an election official may challenge the right of another to vote at an election in that municipality." 21-A M.R.S. § 673; *see also* 21-A M.R.S. § 757 (2026) (stating that an "absentee ballot may be challenged the same as a regular ballot under section 673"). A challenger must submit an affidavit that states, among other things, "the reason the particular individual being challenged may be ineligible to vote" and "the specific source of the information or personal knowledge upon which the challenge of the particular individual is based." 21-A M.R.S. § 673(1). Newell's affidavit references 21-A M.R.S. § 753-B(2)(E) (2026), which provides that "[t]he clerk may not issue an absentee ballot . . . [t]o any candidate, except for the candidate's own ballot." There is nothing in the affidavit, however, that explains how that provision applies to the facts of this election or why the two

4

named individuals may be ineligible to vote. The affidavit also refers to section "753-B 1 Subsection 7." Without any facts, however, we are unable to discern the meaning of that reference, whether it is to 21-A M.R.S. § 753-B(1) or 21-A M.R.S. § 753-B(7).[1]  More specifically, Newell does not specify any facts to explain (1) how the identified voters did not properly apply for absentee ballots or (2) how there was a violation of the restriction on issuing to a candidate a ballot other than the candidate's own.[2]  *See* 21-A M.R.S. §§ 673(1)(A)(5), 753-B(1), (2)(E), (7).

[¶6]  We note that in addition to a lack of any factual basis for the challenge, the affidavit is defective in other ways. Section 673(1) requires a challenger to include in the affidavit, signed "under oath administered by the warden, the challenger's name, address, party affiliation, status as a registered voter in the municipality, the name of the voter challenged, . . . and a statement that the challenger understands that making a false statement on the affidavit is punishable under penalties of perjury." 21-A M.R.S. § 673(1). Here, the affidavit lacks an oath administered by the Warden, a jurat, a statement of the

---

[1]  There is no 21-A M.R.S. § 753-B(1)(7).

[2]  Section 673(1)(A) refers to challenges lodged on the basis that a "voter is unqualified" for specific reasons that do not expressly include improper actions by election officials. Because we dismiss the petition as insufficient, we need not determine the precise scope of this section.

challenger's status as a registered voter in the municipality, and a statement that the challenger understands that making a false statement on the affidavit is punishable under penalties of perjury.[3]

[¶7]   By statute, Newell had an obligation to provide an appropriate affidavit setting forth the factual basis for the voters' ineligibility and the source of the information demonstrating that ineligibility.   21-A M.R.S. § 673(1). Because he did not do so, we dismiss the petition and decline to invalidate the ballots, which must be counted.  *See id.* § 696(1).

[¶8]  The submission is DISMISSED.

Dated: May 4, 2026

_____/s/_____

VALERIE STANFILL
Chief Justice


_____/s/_____

ANDREW M. MEAD
Associate Justice


_____/s/_____

CATHERINE R. CONNORS
Associate Justice

---

[3]  *See Paradis v. Webber Hosp.*, 409 A.2d 672, 674-75 (Me. 1979) (holding that a statutory requirement that a document be "under oath" is the "essential equivalent" of a requirement that it be "sworn to"); *Pineland Lumber Co. v. Robinson*, 382 A.2d 33, 37-39 (Me. 1978) (holding that a statutory requirement that a document be "sworn to" requires the document to show on its face that it was properly verified on oath).

_____/s/_____
RICK E. LAWRENCE
Associate Justice


_____/s/_____
WAYNE R. DOUGLAS
Associate Justice


_____/s/_____
JULIA M. LIPEZ
Associate Justice


_____/s/_____
CHRISTOPHER C. TAUB
Associate Justice